■ JOSE ANTONIO SANTOS, Respondent, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, and LOS SURES SIP HOUSING DEVELOPMENT FUND CORP., Appellant, et al., Third-Party Defendant. [789 NYS2d 735]—

In an action to recover damages for personal injuries, the defendant third-party defendant, Los Sures Sip Housing Development Fund Corp., appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated October 22, 2003, which denied its motion for summary judgment dismissing the complaint and the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs to the plaintiff.

On October 22, 1999, the plaintiff allegedly slipped and fell at the Los Sures Sip Senior Center. He commenced this action against the City of New York, and after the City commenced a third-party action against Los Sures Sip Housing Development Fund Corporation (hereinafter Los Sures), amended the

complaint to add Los Sures as a defendant. Los Sures moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that this action is barred by Workers' Compensation Law § 29 (6) because Los Sures was the plaintiff's employer and the plaintiff collected workers' compensation benefits for this accident. Los Sures also asserted that it was entitled to summary judgment dismissing the third-party complaint insofar as asserted against it because the plaintiff did not sustain a grave injury necessary to permit a third-party claim against it as the plaintiff's employer (see Workers' Compensation Law § 11). The Supreme Court denied the motion. We affirm.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Los Sures failed to establish, prima facie, that it was the plaintiff's employer. It claimed that it was the same entity as Southside United Housing Development Fund Corp. (hereinafter Southside). The third-party action against Southside was previously dismissed on stipulation of all parties, including Los Sures, on the ground that Southside was the plaintiff's employer. In support of its motion for summary judgment, Los Sures attached its third-party answer in which it asserted a cross claim against Southside. If Los Sures and Southside are one and the same, the pleading of such a cross claim requires an explanation that is absent from the moving papers. Under these circumstances, the movant did not demonstrate its prima facie entitlement to judgment as a matter of law. It is therefore unnecessary to consider the opposing papers (see Alvarez v Prospect Hosp., supra at 324; Mariaca-Olmos v Mizrhy, 226 AD2d 437, 438 [1996]). S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.